IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| UNITED STATES OF AMERICA | DOCKET NO. 1:25-CR-16 - MOC-WCM |
|---|---|
| v. | **BILL OF INDICTMENT** |
| (1) STEPHANIE HOPE LINDSEY | Violations:<br>21 U.S.C. § 841(a)(1)<br>18 U.S.C. § 2 |
| (2) JASON MILLS | |

**THE GRAND JURY CHARGES:**

### COUNT ONE

On or about January 2, 2024, in Henderson County, within the Western District of North Carolina, and elsewhere, the defendants,

**(1) STEPHANIE HOPE LINDSEY**
**(2) JASON MILLS,**

aided and abetted by each other, did knowingly and intentionally distribute a controlled substance, which violation involved, a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propenamide, also known as fentanyl, a Schedule II controlled substance, all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**Quantity of Fentanyl Involved**

The offense charged in Count One involved a detectable amount of fentanyl. Accordingly, Title 21, United States Code, Section 841(b)(1)(C) applies.

1

**Prior Conviction Pursuant to Title 21, United States Code, Sections 841(b)(1)(C) and 851**

Before the defendant, **(2) JASON MILLS,** committed the offense as charged in Count One, he had a final conviction for a felony drug offense, namely, importing 500 grams or more of cocaine, in violation of Title 21, United States Code, Section 952(a), for which that offense was punishable by imprisonment for more than one year.

## COUNT TWO

On or about January 9, 2024, in Henderson County, within the Western District of North Carolina, and elsewhere, the defendants,

**(1) STEPHANIE HOPE LINDSEY**
**(2) JASON MILLS,**

aided and abetted by each other, did knowingly and intentionally distribute a controlled substance, which violation involved: (i) methamphetamine and (ii) a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propenamide, also known as fentanyl, both Schedule II controlled substance, all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**Quantity of Methamphetamine Involved**

The offense charged in Count Two involved five (5) grams or more of methamphetamine (actual). Accordingly, Title 21, United States Code, Section 841(b)(1)(B) applies.

**Quantity of Fentanyl Involved**

The offense charged in Count Two involved a detectable amount of fentanyl. Accordingly, Title 21, United States Code, Section 841(b)(1)(C) applies.

**Prior Conviction Pursuant to Title 21, United States Code, Sections 841(b)(1)(B), 841(b)(1)(C), and 851**

Before the defendant, **(2) JASON MILLS,** committed the offenses charged in Count Two, he had a final conviction for a serious drug felony and a felony drug offense, namely, he had a final conviction for importing 500 grams or more of cocaine, in violation of Title 21, United States Code, Section 952(a) for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in Count Two.

## COUNT THREE

On or about January 16, 2024, in Buncombe County, within the Western District of North Carolina, and elsewhere, the defendants,

**(1) STEPHANIE HOPE LINDSEY**
**(2) JASON MILLS,**

aided and abetted by each other, did knowingly and intentionally distribute a controlled substance, which violation involved, a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propenamide, also known as fentanyl, a Schedule II controlled substance, all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### Quantity of Fentanyl Involved

The offense charged in Count Three involved a detectable amount of fentanyl. Accordingly, Title 21, United States Code, Section 841(b)(1)(C) applies.

**Prior Conviction Pursuant to Title 21, United States Code, Sections 841(b)(1)(C) and 851**

Before the defendant, **(2) JASON MILLS,** committed the offense as charged in Count Three, he had a final conviction for a felony drug offense, namely, importing 500 grams or more of cocaine, in violation of Title 21, United States Code, Section 952(a), for which that offense was punishable by imprisonment for more than one year.

3

## COUNT FOUR

On or about January 24, 2024, in Henderson County, within the Western District of North Carolina, and elsewhere, the defendant,

### (2) JASON MILLS,

did knowingly and intentionally distribute a controlled substance, which violation involved, (i) methamphetamine and (ii) a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propenamide, also known as fentanyl, both Schedule II controlled substance, all in violation of Title 21, United States Code, Section 841(a)(1).

### Quantity of Methamphetamine Involved

The offense charged in Count Four involved five (5) grams or more of methamphetamine (actual). Accordingly, Title 21, United States Code, Section 841(b)(1)(B) applies.

### Quantity of Fentanyl Involved

The offense charged in Count Four involved a detectable amount of fentanyl. Accordingly, Title 21, United States Code, Section 841(b)(1)(C) applies.

### Prior Conviction Pursuant to Title 21, United States Code, Sections 841(b)(1)(B), 841(b)(1)(C), and 851

Before the defendant, **(2) JASON MILLS,** committed the offenses charged in Count Four, he had a final conviction a serious drug felony and a felony drug offense, namely, he had a final conviction for importing 500 grams or more of cocaine, in violation of Title 21, United States Code, Section 952(a) for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in Count Four.

# COUNT FIVE

On or about January 31, 2024, in Henderson County, within the Western District of North Carolina, and elsewhere, the defendants,

**(1) STEPHANIE HOPE LINDSEY**
**(2) JASON MILLS,**

aided and abetted by each other, did knowingly and intentionally distribute a controlled substance, which violation involved: (i) methamphetamine and (ii) a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propenamide, also known as fentanyl, both Schedule II controlled substances, all in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### Quantity of Methamphetamine Involved

The offense charged in Count Five involved five (5) grams or more of methamphetamine (actual). Accordingly, Title 21, United States Code, Section 841(b)(1)(B) applies.

### Quantity of Fentanyl Involved

The offense charged in Count Five involved a detectable amount of fentanyl. Accordingly, Title 21, United States Code, Section 841(b)(1)(C) applies.

### Prior Conviction Pursuant to Title 21, United States Code, Sections 841(b)(1)(B), 841(b)(1)(C), and 851

Before the defendant, **(2) JASON MILLS,** committed the offenses charged in Count Five, he had a final conviction for a serious drug felony and a felony drug offense, namely, he had a final conviction for importing 500 grams or more of cocaine, in violation of Title 21, United States Code, Section 952(a) for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in Count Five.

5

# COUNT SIX

On or about February 7, 2024, in Henderson County, within the Western District of North Carolina, and elsewhere, the defendant,

**(2) JASON MILLS,**

did knowingly and intentionally distribute a controlled substance, which violation involved: (i) methamphetamine and (ii) a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propenamide, also known as fentanyl, both Schedule II controlled substances, all in violation of Title 21, United States Code, Section 841(a)(1).

### Quantity of Methamphetamine Involved

The offense charged in Count Six involved five (5) grams or more of methamphetamine (actual). Accordingly, Title 21, United States Code, Section 841(b)(1)(B) applies.

### Quantity of Fentanyl Involved

The offense charged in Count Six involved a detectable amount of fentanyl. Accordingly, Title 21, United States Code, Section 841(b)(1)(C) applies.

### Prior Conviction Pursuant to Title 21, United States Code, Sections 841(b)(1)(B), 841(b)(1)(C), and 851

Before the defendant, **(2) JASON MILLS,** committed the offenses charged in Count Six, he had a final conviction for a serious drug felony and a felony drug offense, namely, he had a final conviction for importing 500 grams or more of cocaine, in violation of Title 21, United States Code, Section 952(a) for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in Count Six.

## COUNT SEVEN

On or about February 12, 2024, in Buncombe and Henderson Counties, within the Western District of North Carolina, and elsewhere, the defendant,

### (2) JASON MILLS,

did knowingly and intentionally possess with intent to distribute a controlled substance, which violation involved: (i) methamphetamine and (ii) a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propenamide, also known as fentanyl, both Schedule II controlled substances, all in violation of Title 21, United States Code, Section 841(a)(1).

### Quantity of Methamphetamine Involved

The offense charged in Count Seven involved fifty (50) grams or more of methamphetamine (actual). Accordingly, Title 21, United States Code, Section 841(b)(1)(A) applies.

### Quantity of Fentanyl Involved

The offense charged in Count Seven involved forty (40) grams or more of fentanyl. Accordingly, Title 21, United States Code, Section 841(b)(1)(B) applies.

### Prior Conviction Pursuant to Title 21, United States Code, Sections 841(b)(1)(A), 841(b)(1)(B), and 851

Before the defendant, **(2) JASON MILLS,** committed the offenses charged in Count Seven, he had a final conviction for a serious drug felony, namely, he had a final conviction for importing 500 grams or more of cocaine, in violation of Title 21, United States Code, Section 952(a) for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in Count Seven.

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given of 21 U.S.C. § 853. The following property is subject to forfeiture in accordance with Section 853:

a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

b. All property used or intended to be used in any manner or part to commit or facilitate such violations; and,

c. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant to the extent of the value of the property described in (a) and (b).

The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

1. $2,000 in United States currency seized on or about February 12, 2024 during the investigation.

A TRUE BILL:

RUSS FERGUSON
UNITED STATES ATTORNEY

CHRISTOPHER S. HESS
ASSISTANT UNITED STATES ATTORNEY